UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEISHAWN I. DISMUKE,

        Petitioner,                      Case Number: 16-13964
                                                HONORABLE AVERN COHN

v.

JOSEPH BARRETT,

        Respondent.
_____/

## MEMORANDUM AND ORDER
## GRANTING PETITIONER'S MOTION TO HOLD IN ABEYANCE (Doc. 14),
## AND
## STAYING PROCEEDINGS
## AND
## ADMINISTRATIVELY CLOSING THE CASE

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Keishawn I. Dismuke ("Petitioner"), a state prisoner proceeding pro se, challenges his convictions for assault with intent to do great bodily harm less than murder, malicious destruction of personal property between $1,000 and $20,000, and possession of a firearm during the commission of a felony. Petitioner has filed a motion to hold the petition in abeyance to allow him to raise unexhausted claims in state court. (Doc. 14).

For the reasons that follow, the Court will grant the motion and hold the petition in abeyance under the terms outlined below to permit Petitioner to properly exhaust his claims in state court.

II. Background

Petitioner filed an appeal of right following his bench trial conviction arguing

insufficient evidence supported his convictions, his sentence was invalid, and that his attorney was ineffective during sentencing. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Dismuke, No. 323678, 2016 WL 299784 (Mich. Ct. App. Jan. 21, 2016). Petitioner filed an application for leave to appeal with the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Dismuke, 499 Mich. 985 (Mich. July 26, 2016).

Petitioner then filed this petition for writ of habeas corpus. He seeks relief on the same grounds raised in the Michigan Court of Appeals.

### III. Discussion

Petitioner asks the Court to hold this proceeding in abeyance while he returns to state court to raise previously unexhausted claims challenging his convictions. A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See Rhines v. Weber, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). In Rhines, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." Id. at 278.

Petitioner's unexhausted claims are best first addressed and decided by the state

2

courts. The Court anticipates no prejudice to Respondent in staying the petition. Petitioner raises ineffective assistance of counsel claim in a supplemental brief (doc. 8), which is sufficient to allege good cause for failure to exhaust his state court remedies. Nothing in the record suggests that Petitioner engaged in intentionally dilatory tactics. And outright dismissal of the petition could jeopardize the timeliness of a future petition. The Court will stay the proceeding and impose time limits within which Petitioner must proceed so that he does not delay in exhausting his state court remedies.

## IV. Conclusion

Accordingly, Petitioner's Motion to Hold in Abeyance (Doc. 14) is GRANTED and the petition for writ of habeas corpus is STAYED pending completion of Petitioner's state application for post-conviction review. This stay is conditioned upon Petitioner filing his motion for relief from judgment within sixty (60) days of this order and then filing a motion to lift the stay and an amended habeas petition (using the case number already assigned to this case) within sixty (60) days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

SO ORDERED.

                                  S/Avern Cohn
                                    AVERN COHN
                               UNITED STATES DISTRICT JUDGE

DATED: May 3, 2018
      Detroit, Michigan